UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHARLES C. ALEXANDER III                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 3:08CV553 DPJ-JCS

TEXTRON FINANCIAL CORPORATION                                         DEFENDANT

ORDER

This cause is before the Court on motion of Defendant Textron Financial Corporation ("Textron") for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff Charles C. Alexander III has responded in opposition. The Court, having considered the memoranda and submissions of the parties, concludes that Defendant's motion should be granted.

**I.     Facts and Procedural History**

On July 25, 2001, Plaintiff signed a Guaranty Agreement with Textron as an individual guarantor to ensure Textron would enter into loan agreements with Billiard Sales, LLC, a limited liability company of which Mr. Alexander was a member at the time. In addition to the Guaranty Agreement, Mr. Alexander also executed a "Consent to the Use of a Consumer Credit Report" ("Consent Agreement") on June 28, 2001. Plaintiff filed this action in the Circuit Court of Madison County, Mississippi, alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., based on account reviews of Plaintiff's credit report performed by Textron in 2006, 2007, and 2008.

Mr. Alexander claims that he did not have a business relationship with Textron at the time these account reviews were performed, so Textron did not obtain this information for a permissible purpose. Specifically, Alexander avers "[t]hat the account reviews conducted by the

Defendant necessarily contemplated a false representation to Equifax by the Defendant that they had a legitimate business need or, that they were engaged in a business transaction with the Plaintiff, which authorized them to receive Plaintiff's consumer report through an account review."[1] Complaint ¶ 10.

Textron removed the case to this Court and subsequently moved for summary judgment. Textron argues that its guaranty and consent agreements, which Plaintiff signed, authorized it to access Plaintiff's credit report as needed.

**II.     Analysis**

    A.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and

---

[1] While Plaintiff uses the phrase "false representation," Textron maintains that the FCRA uses the term "false pretenses." Plaintiff did not dispute this characterization of his claim in his Response.

legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

  B. Plaintiff's Claims

Textron insists that summary judgment is appropriate because 1) it had an ongoing business relationship with Plaintiff by virtue of the Guaranty Agreement he signed as a member of Billiard Sales, LLC and 2) it was authorized to access Plaintiff's credit report as needed pursuant to the Consent Agreement. For his part, Mr. Alexander maintains that he no longer had an interest in Billiard Sales, LLC when Textron accessed his credit information.

Turning first to the Guaranty Agreement, it provides that Mr. Alexander "unconditionally and irrevocably guarantees to Textron . . . the prompt payment and/or performance of all indebtedness, obligations and liabilities of [Billiard Sales LLC] at any time owing to Textron . . . ." Guaranty Agreement ¶ 1. The agreement further provides:

> This Guaranty is a *continuing guarantee* and shall apply without regard to the form or amount of the Guaranteed Obligations in existence at any time. Guarantor may prospectively revoke this Guaranty by sending written notice, by certified mail, return receipt requested, to Textron . . . . The revocation of this Guaranty shall not be effective with respect to any Guaranteed Obligation arising on or prior to the date occurring fifteen (15) days after Textron's receipt of the Revocation Notice . . . .

3

Guaranty Agreement ¶ 2 (emphasis added). Finally, the Guaranty Agreement states that Alexander's obligations are "absolute and unconditional" and he will not be released from his obligations for "any reason," including "any reorganization of, or *change in the composition* of the shareholders, parties or *members of*, [Billiard Sales LLC] or Guarantor; or any termination of, *or other change in, the relationship between [Billiard Sales LLC] and Guarantor*." Guaranty Agreement ¶ 3(b) (emphasis added).

It is undisputed that Mr. Alexander did not execute a revocation notice as required by the Guaranty Agreement. Nevertheless, Mr. Alexander argues that he had no business relationship with Textron because he no longer had a business interest in Billiard Sales, LLC at the time Textron performed the account reviews. Moreover, Mr. Alexander insists that Textron was aware of his withdrawal from the LLC because 1) Textron was in possession of an amendment to the operating agreement indicating Mr. Alexander had been removed in 2003 and 2) Textron would not allow credit to be extended or the account to be reactivated in 2006 unless ownership structure documents matched the names of those who were seeking an extension of credit.[2] Thus, Mr. Alexander maintains that Textron had "actual and constructive notice of [his] desire to revoke his obligations under the guaranty agreement." Plaintiff's Response at 3. Plaintiff offers no legal authority for this argument nor any plausible construction of the contract he signed. He also foregoes any attempt to argue ambiguity or any defense to the formation of the contract.

---

[2] Plaintiff has submitted the affidavit of Charles C. Hunt, Jr., a current co-owner of Billiard Sales LLC, in support of his response. Although the affidavit competently establishes that the company was reorganized, the affidavit also contains unsupported conclusory statements of a non-party to the contract that contradict the unambiguous terms of the Guaranty Agreement.

Instead, Plaintiff hangs his hat on an irrelevant (and undisputed) fact – Defendant had knowledge of Mr. Alexander's departure from the LLC. However, Defendant's knowledge of that fact does not relieve Mr. Alexander of his contractual duty to remain the LLC's guarantor. Guaranty Agreement ¶ 3(b). Mr. Alexander signed a contract promising to remain Billiard Sales, LLC's guarantor despite any change in the LLC's membership, or in the "relationship between" the LLC and himself. *Id*. The only way to avoid that duty under the express and unambiguous terms of the contract is to give written notice of revocation, *id.* ¶2, something Mr. Alexander admittedly never did. In light of the absence of a revocation notice and the continuing obligation outlined in the agreement, the Court finds that the Guaranty Agreement remains in force.

Turning to the FCRA claim, the Fifth Circuit has held that a claim for obtaining a credit report under false pretenses requires the plaintiff to show the defendant "lacked a permissible purpose" in obtaining the credit report. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 842 (5th Cir. 2004). "'Permissible purposes' for obtaining consumer reports are set out in section 1681b of the Act." *Id.*; *see* 15 U.S.C. § 1681b. The second contract Mr. Alexander signed speaks directly to this issue.

In the Consent Agreement, Mr. Alexander authorized Textron "to obtain and use consumer credit reports pertaining to [his] credit history and/or credit worthiness" and agreed that this permission "shall be ongoing and shall relate not only to the evaluation and/or extension of the business credit requested, but also for purposes of reviewing the account . . . and for any other legitimate purpose associated with the account as may be needed from time to time." Consent Agreement (emphasis added). Other than claiming that he is no longer an LLC member, *addressed supra*, Mr. Alexander does not contest the validity of the Consent Agreement

5

authorizing Textron to continually review his account. *See Kennedy,* 369 F.3d at 842 (finding no false pretense where plaintiffs "authorized the banks to access their credit information"). Also, there is no dispute that Billiard Sales, LLC sought a line of credit from Defendant prior to the disputed credit checks, and the Complaint avers that the credit checks were conducted as part of "account reviews." Complaint ¶10. Hence, Textron had a permissible purpose to access the credit reports of Billiard Sales, LLC's guarantor. *See* 15 U.S.C. § 1681b(a)(3)(F). Last, but certainly not least, Mr. Alexander expressly waived "any right or claim which [he] would otherwise have under the FCRA in the absence of this continuing consent." Consent Agreement.

**III.  Conclusion**

Pursuant to the Guaranty Agreement, Plaintiff's status as a guarantor of Billiard Sales, LLC was not dependent upon his status as a member of the LLC. Therefore, his failure to provide a revocation notice left the guaranty and consent agreements in full force. Based on the foregoing, Defendant's motion for summary judgment is granted. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 26th day of January, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE